IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM FREEMAN : | CIVIL ACTION |
| Plaintiff, : | |
| : | JURY TRIAL DEMANDED |
| v. : | |
| : | |
| HALLMARK HOMES NORTH, INC. : | |
| and FRANCIS PEDRIANI : | |
| Defendants : | |

## COMPLAINT

1. Plaintiff William Freeman ("Mr. Freeman"), by and through his counsel, George Barron, Esq. brings this lawsuit against Defendants Hallmark Homes North, Inc., ("Hallmark") and Francis Pedriani, ("Mr. Pedriani") (collectively "Defendants") for unpaid wages, related penalties and damages.  Mr. Freeman seeks all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.

2. This Court has jurisdiction over Mr. Freeman's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

3. This Court has jurisdiction over Mr. Freeman's PMWA claim pursuant to 28 U.S.C. § 1367.

4. Venue in this Court is proper under 28 U.S.C. § 1391.

5. Mr. Freeman is an adult individual residing in Plymouth,

Pennsylvania.

6.  Upon information and belief, Hallmark is a Pennsylvania business corporation with a place of business at 95 South Main Road, Mountain Top, PA 18707.

7.  Upon information and belief, Hallmark is a construction company in the business of building structures for use as homes and businesses.

8.  Upon information and belief, Mr. Pedriani is the owner of Hallmark, and is an adult resident of Pennsylvania.

9.  Upon information and belief, at all times relevant hereto, Mr. Pedriani exercised day-to-day control of Hallmark's operations, and was involved in the supervision and payment of employees, including Mr. Freeman.

10. From approximately January 1, 2014 to February 29, 2019, Mr. Freeman was employed by Defendants as a Laborer.

11. While employed by Defendants, Mr. Freeman's duties and responsibilities consisted of manual labor, including cleaning, construction, and material handling.

12. While employed by Defendants, Mr. Freeman was never assigned supervisory or managerial duties, and never held a supervisory or managerial position.

13. Throughout his employment with Defendants, Mr. Freeman was a non-exempt hourly employee.

14. While employed by Defendants, Mr. Freeman regularly worked more than forty (40) hours per week for Defendants.

15. While employed by Defendants, Mr. Freeman reported his work hours as required by Defendants.

16. Until approximately November 2016, Defendants paid Mr. Freeman overtime (one and one-half times his regular hourly rate) for hours worked over forty (40) in a week, as required by the FLSA and PMWA.

17. Beginning on or about November 25, 2016, Defendants stopped paying Mr. Freeman overtime pay for hours worked over forty (40) in a week, and began paying him only his regular hourly rate for hours worked over forty (40) in a week.

18. Payment advices issued to Mr. Freeman by Defendants between approximately November 25, 2016 and February 29, 2019 show that he regularly worked in excess of forty (40) hours per week, but was paid only his regular hourly rate for all hours.

19. Between approximately November 25, 2016 and February 29, 2019, Mr. Freeman made numerous requests that Defendants comply with the law, and Defendants ignored those requests.

20. Defendants acted willfully and with reckless disregard of federal and state law by failing to pay Mr. Freeman legally required overtime pay.

21. Upon information and belief, Defendants failed, and continue to fail, to pay other employees overtime as required by federal and state law.

## COUNT 1
## FAIR LABOR STANDARDS ACT

22. All previous paragraphs are incorporated as though fully set forth herein.

23. The FLSA requires that employers pay non-exempt employees overtime pay not less than one and one-half times their regular hourly pay rate for hours worked over forty (40) per week.

24. Between approximately November 25, 2016 and February 29, 2019, Defendants violated the FLSA by failing to pay Mr. Freeman overtime compensation for hours worked over forty (40) per week.

25. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT 2
## PENNSYLVANIA MINIMUM WAGE ACT

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The PMWA requires that Pennsylvania employers pay non-exempt employees not less than one and one-half times the employee's regular hourly pay rate for hours worked over forty (40) in a week.

28. Defendants violated the PMWA by failing to pay Mr. Freeman the legally required overtime compensation for hours worked over forty (40) per week.

WHEREFORE, Mr. Freeman seeks the following relief:

For Count 1:

    a. Unpaid wages and prejudgment interest to the fullest extent permitted under the law;

    b. Liquidated damages to the fullest extent permitted under the law;

    c. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    d. Such other and further relief as this Court deems just and proper.

For Count 2:

    a. Unpaid wages and prejudgment interest to the fullest extent permitted under the law;

    b. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

c.  Such other and further relief as this Court deems just and proper.

DATE: 03/06/2019                                    /s/George R. Barron
                                                    George R. Barron, Esq.
                                                    Attorney for Plaintiff
                                                    88 North Franklin St.
                                                    Wilkes-Barre, PA 18701
                                                    (570) 824-3088